[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10749

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

THADDIUS DESHAWN JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:22-cr-14044-AMC-1

_____

Before WILSON, ROSENBAUM, and LUCK, Circuit Judges.

PER CURIAM:

Thaddius Johnson appeals his sentence of 96 months in prison, an upward variance from the guideline range of 63 to 78 months, for possessing a firearm after a felony conviction. On appeal, Johnson maintains that the district court failed to adequately explain its reasons for rejecting the government's guideline-range recommendation. After careful review, we affirm.

## I.

Johnson pled guilty to unlawful possession of a firearm after having been convicted of a felony. *See* 18 U.S.C. § 922(g)(1). In connection with his plea agreement, Johnson signed a factual proffer about his offense. According to the factual proffer, after a traffic stop, officers searched the vehicle in which Johnson was a passenger and located a black zippered bag on the floorboard where he had been sitting. The bag contained a Glock 9mm pistol and a loaded magazine. After his arrest on state charges, Johnson was recorded in jail phone calls attempting to arrange for another person to claim ownership of the bag and gun. Johnson knew he previously had been convicted of several felonies.

Based on these facts, Johnson's presentence investigation report ("PSR") recommended a total offense level of 21. And based on Johnson's criminal history—including convictions for grand theft, burglary of a structure, grand theft with a firearm, armed burglary, being a felon in possession of a firearm or ammunition, and

resisting arrest with violence—the PSR calculated 15 criminal-history points, for the highest criminal-history category of VI.

Johnson raised objections to his guideline range not relevant to this case. The district court sustained one objection, denied another, and calculated a guideline range of 63 to 78 months of imprisonment.

The government recommended a guideline-range sentence of 72 months based on its assessment of the 18 U.S.C. § 3553(a) sentencing factors, including the nature and circumstances of the offense, Johnson's criminal history, and the need to protect the public. The government also asked the court to state whether its rulings on Johnson's objections would have changed the sentence.

In mitigation, Johnson's counsel read a written statement from Johnson, in which he accepted responsibility, described his difficult upbringing, and asked the district court for mercy. Counsel requested a sentence of 63 months, at the low end of the guideline range. He argued that a longer sentence was unnecessary because Johnson was getting older and would have the benefit of federal occupational and drug-treatment programs.

The district court upwardly varied from the guideline range and sentenced Johnson to 96 months in prison. After stating that it had considered the PSR, the parties' statements, and the "full 3553(a) panoply of factors," the court explained its sentencing decision as follows:

> [R]egrettably, Mr. Johnson, your criminal history is exceedingly concerning to the Court. It is riddled

with violence, gun possession, and other very, very troubling circumstances that unfortunately present a real danger to the community and I think warrant a very strong and substantial sentence to protect the public and to deter you specifically from committing future criminal acts.

Unfortunately, the prior sentences you have received have not deterred you, including a 66-month sentence that one would have hoped would have sent the message; but, unfortunately, you continue to commit these offenses, and that's not to say you are not fully capable of turning your life around. But at this point, based on the record I have been presented with, I do believe a sentence—an upwardly varied sentence from the calculated range of 63 to 78 months is warranted.

Johnson objected that the district court's reliance on his criminal history rendered the sentence a departure, for which the court failed to provide the necessary notice. The court responded that the sentence was an upward variance based on "the need to protect the public from further crimes of the defendant, the need to specifically deter him, the need to promote respect for the law." It also stated it would have imposed the same sentence regardless of its resolution of the guideline issues. Johnson appeals.

## II.

In reviewing a sentence, we must "ensure that the district court committed no significant procedural error," such as failing to accurately calculate the guideline range or "failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007); *see* 18 U.S.C. § 3553(c) ("The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence . . . .").

The task of sentencing a defendant belongs to the district court. *See* 18 U.S.C. § 3553(a)(2). At sentencing, the court must calculate the guideline range and "giv[e] both parties an opportunity to argue for whatever sentence they deem appropriate." *Gall*, 552 U.S. at 49. The court must "then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party," making an "individual assessment based on the facts presented." *Id.* at 49–50. If the court decides that a sentence outside the guideline range is appropriate, it must ensure its "justification is sufficiently compelling to support the degree of the variance." *Id.* at 50. And it "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Id.*

To adequately explain the sentence, the district court must "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551

U.S. 338, 356 (2007). The "court is not required to incant the specific language used in the guidelines or articulate its consideration of each individual § 3553(a) factor." *United States v. Carpenter*, 803 F.3d 1224, 1232 (11th Cir. 2015) (quotation marks omitted). "Nor must the court respond in detail to every argument presented by the defendant; after all, the appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances." *Id.* (cleaned up). "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence, however, the judge will normally go further and explain why he has rejected those arguments." *Rita*, 551 U.S. at 357.

Johnson maintains that the district court procedurally erred by "fail[ing] to explain why it was rejecting the government's guideline-range recommendation," particularly when it relied on many of the same factors cited by the government. In his view, the principle of party presentation means that the district court owes a "heightened duty to explain" an upward variance over the government's guideline-range recommendation.

Here, Johnson has not established any significant procedural error.[1] The record contradicts his claim that the district court failed

---

[1] Johnson does not directly challenge the calculation of his guideline range, and he concedes that our precedent permits district courts to render guideline-calculation errors harmless in advance, so long as the sentence imposed is reasonable, even if he disagrees with that precedent. *See United States v. Barner*, 572 F.3d 1239, 1248 (11th Cir. 2009) ("Where a district judge clearly states that he would impose the same sentence, even if he erred in calculating the guidelines, then any error in the calculation is harmless.").

to explain why it was rejecting the government's guideline-range recommendation. After calculating the guideline range, hearing the parties' arguments for an appropriate sentence, and considering the "full 3553(a) panoply of factors," the court explained its reasons for its chosen sentence of 96 months. In the court's view, Johnson's criminal history—which included "violence, gun possession, and other very, very troubling circumstances"—required a "very strong and substantial sentence" "to protect the public and to deter [him] specifically from committing future criminal acts." The court noted that Johnson had not been deterred by his prior sentences, which included a 66-month sentence. Accordingly, the court reasoned that an upward variance "from the calculated range of 63 to 78 months [wa]s warranted."

The district court's explanation was adequate to show that it had "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita*, 551 U.S. at 356. The record shows that, in contrast to the government and Johnson, the court believed that Johnson's case was not the type of case covered by the guideline range, due to his troubling criminal history and the need for the sentence to protect the public and to deter Johnson specifically. Nothing prevented the court from choosing a different sentence than the parties recommended after making an "individual assessment based on the facts presented." *Gall*, 552 U.S. at 49–50. And the weight to give the various § 3553(a) factors was for the district court, not anyone else. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). Johnson otherwise makes no claim that the court's justification was not

"sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50.

For these reasons, Johnson has not established that the district court committed any significant procedural error, and he does not challenge the substantive reasonableness of his sentence. Accordingly, we affirm.

**AFFIRMED.**